James E. Fitzgerald (22553)
Michael J. Fitzgerald (51895)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001-3710
(307) 634-4000 (Telephone)
(307) 635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

Randal W. LeNeave
Paul Banker
Hunegs, LeNeave & Kvas, P.A.
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota 55391
(612) 339-4511 (Telephone)
(612) 339-5150 (Facsimile)
rleneave@hlklaw.com
pbanker@hlklaw.com
(*To Be Admitted Pro Hac Vice*)

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| JACKIE NOLLETT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 21-CV-1005 |
| BNSF RAILWAY COMPANY, | ) |
| a Delaware corporation, | ) |
| Defendant, | ) |

### COMPLAINT AND JURY DEMAND

Plaintiff Jackie Nollett, for her claims and causes of action against Defendant BNSF Railway company, a Delaware corporation, states as follows:

## Preliminary Statement

1. This is an action to recover damages for personal injuries Plaintiff suffered during the course and scope of her employment on April 28, 2019 while working as a conductor for Defendant. Plaintiff's claims against Defendant are brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60.

## Parties

2. That at all time relevant herein, Plaintiff was a resident and citizen of Broken Bow, Nebraska, and was employed by Defendant as a conductor engaged in interstate commerce.

3. That at all times relevant herein, Defendant was a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Fort Worth, Texas; was duly licensed to operate a system of railroads, as a common carrier of freight for hire in and through the state of Colorado; and was engaged as a common carrier in interstate commerce.

## Jurisdiction and Venue

4. This Court has subject-matter jurisdiction over Plaintiff's FELA claims pursuant to 28 U.S.C. § 1331 (federal question).

5. This Court has personal jurisdiction over Defendant since the incident giving rise to Plaintiff's FELA claims occurred within the State of Colorado.

6. Venue to bring Plaintiff's FELA claims in this Court is proper pursuant to 45 U.S.C. § 56, which allows bringing FELA claim in the district where the cause of action arose or in the district where the defendant is doing business at the time the action is commenced.

7. Plaintiff's FELA claims are timely commenced pursuant to 45 U.S.C. § 56.

## Facts

8. That on April 28, 2019. at about 8:15 a.m., Plaintiff was in the course and scope of

her employment working as a conductor for Defendant. Plaintiff was part of a two-person train crew who were operating a train on Defendant's tracks at or near Fort Morgan, Colorado. As the train was traveling east on the tracks, it collided with a car that failed to stop at stop sign at a public crossing. After the train came to a stop and as the conductor, Plaintiff was required to get off the engine she was occupying to inspect the train and to check on the condition of the driver of the car. In order to perform her assigned job, Plaintiff was required to walk along the track bed made up of ballast with parts covered by weeds. As Plaintiff performed her job, her foot slid on rocks or ballast that was obscured by weeds, causing her to fracture several bones in her opposite foot.

### Count One (negligence liability pursuant to FELA)

Plaintiff realleges paragraphs 1 through 8 as set forth at length and in detail herein.

9.  That the injuries and damages sustained by Plaintiff were caused, in whole or in party, by reason of Defendant's violation of the FELA, and as a consequence of Defendant's negligence in:

   a.  Failing to provide Plaintiff with a reasonably safe place to work;

   b.  Failing to warn Plaintiff of the hazard;

   c.  Failing and neglecting to properly inspect, and maintain areas where Plaintiff was required to perform trackside duties;

   d.  Failing and neglecting to implement and enforce safe work methods;

   e.  Failing to have an adequate vegetation control plan and/or enforcing it; and

   f.  Other acts of negligence as shown in discovery of this case.

10. That as a result of the incident, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of her enjoyment of life; and has suffered permanent injury and disability, all to her

injury and damage.

### Count Two (negligence per se/strict liability pursuant to violations of Federal Railroad Administration Regulations)

Plaintiff realleges paragraphs 1 through 10 as set forth at length and in detail herein.

11.     The acts and omissions of Defendant described above also constitute one or more violations of the Federal Railroad Administration Regulations, including but not limited to 49 C.F.R. § 213.37(c), which constitutes negligence per se/strict liability.

12.     That the injuries and damages sustained by Plaintiff were caused, in whole or in part, by Defendant's violations of the Federal Railroad Administration Regulations.

13.     That as a result of the incident, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of her enjoyment of life; and has suffered permanent injury and disability, all to her injury and damage.

WHEREFORE, Plaintiff Jackie Nollett prays judgment against the above-named Defendant BNSF Railway Company in an amount to be determined as reasonable compensation for all the injuries and damages she has suffered, together with interest thereon as provided by law, and for her costs and disbursements herein incurred, and for such other and further relief as the Court may deem just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Date:   April 9, 2021

                                                       */s/ James E. Fitzgerald*
James E. Fitzgerald (22553)
Michael J. Fitzgerald (51895)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001-3710
(307) 634-4000 (Telephone)
(307) 635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

                -and-

Randal W. LeNeave
Paul Banker
Hunegs, LeNeave & Kvas, P.A.
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota 55391
(612) 339-4511 (Telephone)
(612) 339-5150 (Facsimile)
rleneave@hlklaw.com
pbanker@hlklaw.com
(*To Be Admitted Pro Hac Vice*)

**Attorneys for Plaintiff**

5